JAMES M. ZOLLER v. ELLIOTT REALTY AND ANOTHER.
WISCONSIN NATIONAL LIFE
INSURANCE COMPANY, INTERVENOR.

252 N. W. 2d 857.

April 8, 1977—No. 47033.

*Johnson, Goetteman, Anderson & Laverdiere, Richard A. Laverdiere,* and *Wayne R. Johnson,* for relators.
*Henry W. Haverstock, Jr.,* for respondent.
*Cragg & Bailly* and *Robert S. Cragg,* for intervenor-respondent.

PER CURIAM.

Relators, Elliott Realty and its compensation insurer, St. Paul Fire and Marine Insurance Company, seek review of a decision of the Workers' Compensation Board[1] determining that James M. Zoller was Elliott's employee at the time of an accident which resulted in injury to his back. The board ordered relators to reimburse Zoller and Wisconsin National Life Insurance Company, which had intervened in the proceeding, for medical expenses they had paid.[2] Relators contend the findings that an employment relationship existed when the accident occurred, that the injury arose out of and in the course of Zoller's employment, and that Elliott had received timely notice of injury lack the requisite evidentiary support. We affirm.

After being employed by Elliott for several months as a real estate agent, Zoller resigned in August 1973. He told Gary Elliott, the presi-

---

[1] Now the Worker's Compensation Court of Appeals. L. 1976, c. 134, § 78.

[2] The nature and extent of Zoller's disability was reserved for later determination.

dent of Elliott Realty and Zoller's supervisor, that despite the resignation he would complete unfinished details of his work and would attend closings called for by purchase agreements he had procured. On October 24 he drove some purchasers to a closing and then to their new home. He accepted their invitation to see the house and stayed for a short visit. As he was leaving, he fell and injured his back. There was evidence that neither Elliott nor Zoller would receive a commission until the closing was completed, that an agent's presence at closings was either required or encouraged by Elliott, and that his being present benefited both the agent and Elliott. These facts as well as evidence that Elliott encouraged its agents to maintain a friendly relationship with their clients furnish adequate evidentiary support for the findings that Zoller was an employee and that his injury arose out of and in the course of his employment.

While there is conflicting evidence on whether Elliott received notice of injury within 30 days of the incident, as is required by Minn. St. 176.141, the record, including the employer's first report of injury, also adequately supports the finding that Elliott received timely notice.[3]

Respondent Zoller is allowed $350 attorneys fees.

Affirmed.

MR. JUSTICE OTIS took no part in the consideration or decision of this case.

---

[3] The report of injury, prepared by Gary Elliott's secretary in June 1974 from information Zoller supplied, included a recital that Gary Elliott received notice of the injury on November 15, 1973. Elliott denied knowledge of this recital but admitted authorizing his secretary to file the report. The board properly considered it. Minn. St. 176.231, subd. 9.